John Gayle *against* William Foster.

*December,* 1823.

*Foster* brought an action of Debt in the Circuit Court of *Dallas* County against *Gayle*, on a promissory Note for $100. At the return term of the Writ, the defendant in proper person confessed judgment for $100. No declaration was filed. The Circuit Court entered judgment for $100 Debt and $2 Damages. *Gayle* sued out a Writ of Error, and assigned as Errors—1st, That there is no declara-

> 1, Defendant confesses judgment for a certain sum —on this judgment cannot be entered for more. 2, Judgment by confession good without declaration.

DECEMBER, 1823.

John Gayle
v.
William Foster.

tion.   2d, Judgment is for a larger amount than it should have been rendered for.

Judge *Saffold* delivered the opinion of the Court.

The first assignment cannot prevail after judgment by confession.  (See *Caller* against *Denson*, ante, p. 19.)   As to the second assignment—The Act of 1807, (Laws Ala. 455,) authorizing the Court on judgments on demurrer, confession, &c. in actions of Debt for a sum certain, to issue executions for the sums of such judgments, with such interest by way of damages as may be legally due, &c.—can only apply to cases in which the confession does not specify the sum, as if it be for the Debt in the declaration mentioned—the amount of the specialty or Note, &c., or for a certain sum and interest from a given day.   Judgment by confession for a sum certain defines the amount of recovery with no less precision than a verdict.   The plaintiff is not compelled to accept a confession for less than he claims, and may proceed in the recovery of so much as is not confessed : but if he accepts and proceeds to final judgment on the cognovit, it is conclusive ; and it is to be inferred that the residue has been adjusted by payment or by agreement of the parties.   A confession of judgment amounts by the Statute to a release of Errors : but this can apply only to Errors existing at the time of the confession, and could not have been intended, where the confession was for a specific sum, to authorize the rendition of judgment for a different and larger sum.

On the second assignment the judgment must be reversed and rendered here for the sum confessed.

*White* and *Gordon*, for plaintiff in Error.

*H. G. Perry*, for defendant in Error.